QUESTION:
In view of the provision of s. 163.01(4), F. S., may counties which individually do not possess the authority to undertake multicounty or regional transportation planning create a separate legal or administrative entity by interlocal agreement pursuant to s. 163.01, F. S., which will undertake multicounty transportation planning within the boundaries of the participating counties, said entity to be constituted a metropolitan planning organization under federal law and regulations subsequent to its formation?
SUMMARY:
Duly constituted metropolitan planning organizations which engage in planning and coordinating the transportation needs and plans of their constituent or member public agencies within their respective boundaries may be lawfully created and established by local governmental units through an interlocal agreement and may administer or execute the terms and provisions of the interlocal agreement as specified therein, as provided under and by s.163.01, F. S.
Section 163.01, F. S., contemplates that a public agency of this state (as defined by s. 163.01[3][b]) may exercise jointly with any other public agency of this state, or of any state of the United States or agency of the United States Government, any power, privilege, or authority which the public agencies involved share in common and which each might exercise separately. This being so, any legal or administrative entity formed by interlocal agreement under s. 163.01 may exercise no greater or additional power, privilege, or authority than is possessed by each of the contracting agencies and, further, may exercise only those powers shared in common and which each of the contracting agencies might exercise separately, except for those additional powers specified in s. 163.01(7)(b) and subject to the limitations prescribed by s.163.01(5).
Applicable federal law provides that eligibility for federal assistance in transportation projects is predicated upon a continuing, cooperative, and comprehensive planning process which meets the criteria established by the Secretary of Transportation for a unified or officially and properly coordinated
transportation system which is a part of a comprehensive plan for urban development. (Emphasis supplied). 23 U.S.C. § 134; 49 U.S.C. ss. 1602(a)(2), 1603(a), and 1604(g)(1) and (l). Properly designated Metropolitan Planning Organizations (hereinafter referred to as MPO) are deemed by federal regulation to meet this requirement. Rules of the Federal Highway Administration and Urban Mass. Transportation Administration, Vol. 40 Federal Register No. 181, pp. 42982, 42983, and 42984 (Sept. 1975).
Statutory authority for nonchater counties to prepare and enforce comprehensive plans for the development of the county, provide and operate public transportation systems and terminals, provide and regulate highways and related facilities, and enter into agreements with other governmental agencies within or without the county boundaries for joint performance, or performance by one unit in behalf of the other, of any of either agency's authorized functions appears in s. 125.01(1)(g), (l), (m), (p), and (w) and (3), F. S. Additionally, it seems that the functions to be performed by these intergovernmental organizations, of which the Department of Transportation is a member, are compatible with the objectives and purposes and duties and functions set forth in s. 334.211, F. S., paragraph (4)(a) of which authorizes the Department of Transportation to adopt local or regional transportation plans as part of, or in lieu of, the department's plans. Also see ss. 334.02(7) and (9) and 334.021(1) and (4)(a) and (c), F. S., and cf. ss. 163.567 and 163.568(2)(i), F. S. The powers conferred by s. 163.01, F. S., are additional and supplemental to those granted by any other general, local, or special law. Section 163.01(14).
In view of the aforecited federal and state statutes and federal regulations, it seems that the sole objective of an MPO is to provide for a coordinated transportation plan and planning process for a particular urbanized area as designated — in this instance — by interlocal agreement pursuant to s. 163.01, F. S. Said transportation plan is to be a part of a comprehensive plan for urban development. 49 U.S.C. § 1604(1). Cf. s.163.3177(7)(a), F. S. At no time does it appear that said planning organization will implement or execute any of its plans, for its functions are restricted solely to planning activities and local governments are free to adopt or reject any plan submitted to them by the MPO, as they deem proper. Cf. s. 163.01(15), F. S., which prohibits the delegation of the constitutional or statutory duties of state or county or city officers. This restriction to transportation planning functions is also apparent from applicable federal statutory and regulatory provisions and is consistent with the purpose of these organizations as related to me by the Florida Department of Transportation. Thus, it appears that the major function of the MPO will be the coordination, integration, and promulgation of transportation plans for each participating county, within each county's individual territory, thereby facilitating the coordination and integration of transportation plans required in this regard by the federal government in order to receive federal funding. This being so, it does not appear that these interlocal bodies will engage in the promulgation or the implementation of a single regional transportation plan applicable to or in behalf of or binding upon an entire multicounty area as a whole. The separate legal or administrative entity here under discussion may administer and execute only those powers common to and independently exercisable by all members of the agreement and those additional powers enumerated in s. 163.01(7)(a) and (b), F. S., authorized and as specified in the interlocal agreement. It is through this entity that the contracting counties jointly exercise their respective, commonly shared powers, privileges, and authority as provided for in the interlocal agreement.
In consideration of the foregoing, it seems that each party to the agreement thereby seeks to coordinate its plans with those of the other parties, but will not seek to formulate a single `master plan' to be implemented or executed in or applicable to areas outside its legal jurisdiction. I am of the opinion that such an activity does not run afoul of the provisions of s. 163.01(4), F. S., restricting the powers jointly exercised by an interlocal organization to those shared in common by each party to the agreement, which each party could exercise independently. Certainly, each public agency possessed of the power to plan for its own future transportation needs can attempt to coordinate its plans with those of other governmental agencies within the region covered by an interlocal agreement; such an endeavor seems inherent to the underlying concepts of the Interlocal Cooperation Act. See s. 163.01(2), F. S., stating the legislative purpose of the statute to be to enable local governments to cooperate with other localities on a basis of mutual advantage and thereby provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
Therefore, I am of the opinion that a duly constituted metropolitan planning organization which engages in the process of planning and coordinating the transportation needs and plans of its member agencies within their respective boundaries may be lawfully created and established by several counties through interlocal agreement and may administer and execute the agreement as provided therein under the authority of and as provided by s.163.01, F. S. Metropolitan planning organizations so created and established may exercise only those powers and privileges and the authority granted by the terms of the agreement which are commonly possessed by each member of the agreement, and which each member could exercise separately, and those which are otherwise provided for in s. 163.01(7)(a) and (b).
Prepared by: Michael H. Davidson Assistant Attorney General